UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| US NORTHEAST DREDGE AND MARINE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>J.T. CLEARY, INC.,<br><br>    Defendant. | COMPLAINT |

**INTRODUCTION**

1. This lawsuit seeks payment for breach of contract and violation of NH RSA 358-A. The Plaintiff, US Northeast Dredge and Marine, LLC ("US Northeast"), entered into a subcontract (the "Subcontract") with Defendant, J.T. Cleary, Inc. ("Cleary") through which US Northeast promised to provide certain dredging equipment in exchange for payment from Cleary. After entering into the Subcontract, Cleary encouraged US Northeast to perform under the Subcontract, knowing that US Northeast would incur costs, and would forgo other business opportunities in doing so. At the same time, without disclosing its intentions to US Northeast, and while continuing to encourage US Northeast to perform, Cleary began to explore other alternate vendors, and made arrangements to replace US Northeast. Cleary terminated the Subcontract without cause or justification but, has refused to pay the minimum payments prescribed within the parties' Subcontract. Accordingly, US Northeast seeks judgment against Cleary for the amounts required under the Subcontract, as well as additional damages pursuant to NH RSA 358-A.

## PARTIES

2. Plaintiff, US Northeast is a limited liability company organized under the laws of the State of New Hampshire, with a principle place of business of 32 Anne Drive, Hampstead, NH.

3. Upon information and belief, Defendant, J.T. Cleary, Inc. ("Cleary") is a corporation with a principal place of business of 100 Red Schoolhouse Road, Ste A12, Chestnut Ridge, NY.  Cleary's state of incorporation is unknown as its subcontract with US Northeast identifies that it is incorporated in New York.  The New York Secretary of State's website, however, identifies that Cleary is incorporated in New Jersey.  The New Jersey Secretary of State website has no listing of Cleary within its files.  The New Hampshire Secretary of State's website identifies that Cleary is a Foreign Profit Corporation, and identifies it as "Not In Good Standing."

## JURISDICTION

4. This Court has personal jurisdiction over the defendant on the basis of specific jurisdiction, as Cleary made a knowing decision to contract with an entity in New Hampshire for labor, materials, and the charter of vessels to be provided in the State of New Hampshire.

5. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## VENUE

6. The Subcontract at issue was to be performed and executed in the States of New Hampshire and Maine.  Moreover, a substantial part of the events giving rise to the claims alleged arose in the State of New Hampshire.  Venue therefore is proper in New Hampshire pursuant to 40 U.S.C. 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

**STATEMENT OF FACTS**

7. In or around October of 2018, the Department of the Navy (the "Navy") conducted an open bid process for a 5500 cubic yard maintenance dredging project that was to be completed over two seasons (the "Project").

8. On or around December 5, 2017, Department of the Navy awarded a contract in the amount of $4,890,191 to Cleary to perform the work.

9. On or about December 17, 2017, Cleary and US Northeast entered into a charter agreement (the Subcontract) through which US Northeast agreed to supply vessels and equipment to support Cleary's dredging operations in connection with a job located at the Portsmouth Naval Shipyard.

10. The Subcontract set a monthly charter fee of $64,000. The Subcontract further stated on the front page that the Subcontract was for a "Minimum of three months (90 days) from [the] effective date..." Paragraph 18 of the Subcontract identifies that the Subcontract "is effective upon the execution of Charter Agreement..." The Subcontract was last executed on December 17, 2017.

11. Paragraph 18 states that "[Cleary] may terminate this agreement with 21 days written notice after three (3) months from the mobilization date."

12. US Northeast relied upon Cleary's contractual promise in reserving its equipment and forwent other opportunities to make beneficial economic use of the equipment. But for Cleary's promise to rent the vessels and equipment for at least the minimum period, US Northeast would have solicited and accepted other opportunities to rent the equipment.

13. Between December 17, 2017 and January 9, 2018, Cleary instructed and required US Northeast to prepare the equipment for use in the Charter. US Northeast provided labor and

material in performing the tasks required, and this work was required for US Northeast's performance of its obligations under the Subcontract. Some work was within the Subcontract, while other work was performed on a time and materials basis to be billed separately.

14. Between December 17, 2017 and January 9, 2018, Cleary instructed US Northeast to prepare documentations for Cleary to support or include in its submittals to the Navy. US Northeast expended significant labor in preparing the required documentation.

15. Between December 17, 2017 and January 9, 2018, US Northeast received other requests and had other potentially lucrative opportunities to charter its equipment. US Northeast declined these requests, based upon its contractual commitment to Cleary and in reliance upon Cleary's promises in the Subcontract.

16. On or about January 9, 2018, Cleary purported to terminate the Subcontract for convenience. Cleary advised US Northeast that the reason he did not use our equipment is that the Project could not be performed in a single season. Notably, however, the specification Cleary bid clearly stated the Project was to be completed over two seasons.

17. In fact, after executing the Subcontract, Cleary entered into negotiations with at least one other third-party contractor (Palmer Federal) to subcontract the entire or majority of the Project which requires similar equipment to perform the work that Cleary already contracted from the Navy. During this period, Cleary did not advise US Northeast that it was considering attempting to cancel the Subcontract, even as it instructed US Northeast to perform additional work on its behalf.

18. Nothing in the Subcontract permits Cleary to terminate the Subcontract prior to the expiration of the minimum term or permits Cleary to avoid paying monthly charter payments during the specified minimum period.

19. Upon information and belief, despite the fact that Cleary had not paid US Northeast as required under the Subcontract, Cleary represented to the Navy that it had, in fact, paid all of its subcontractors and suppliers in order to induce the Navy to release funds to Cleary.

20. US Northeast made demand upon Cleary for payment of, at a minimum, $192,000, representing three months of charter payments as required under the Subcontract, plus $9,780 for work in preparing submittals and preparation of equipment. Cleary has failed and refused to make any payments under the Subcontract.

## COUNT I - BREACH OF CONTRACT

21. The Plaintiff repeats and realleges all of the facts set forth in paragraphs 1 through 20, as if each paragraph were separately stated herein.

22. US Northeast entered into a binding agreement with Cleary.

23. US Northeast performed all of its obligations under the Subcontract.

24. Cleary breached the Subcontract in that it has failed and refused to pay US Northeast in full for all charter fees explicitly required under the terms of the parties written Subcontract.

25. US Northeast has suffered damages as a direct and proximate result of Cleary's breach of the Subcontract, including but not limited to charter fees, and contractual interest and attorneys' fees.

## COUNT II – VIOLATION OF NH RSA 358-A

26. The Plaintiff repeats and realleges all of the facts set forth in paragraphs 1 through 25, as if each paragraph were separately stated herein.

27. Cleary engaged in trade or commerce within the State of New Hampshire by contracting with US Northeast, a New Hampshire Limited Liability Company, for the use of

vessels and the provision of services which were to be performed within the State of New Hampshire.

28. Cleary entered into the Subcontract with US Northeast, with full knowledge that US Northeast would incur significant costs, and with knowledge that US Northeast would forgo other opportunities to rent the vessels, in reliance upon the agreement.

29. Cleary permitted US Northeast to expend resources and reserve its vessels while knowing that it did not intend to use or pay for such resources and vessels.

30. Upon information and belief, despite the fact that Cleary had not paid US Northeast as required under the Subcontract, Cleary represented to the Navy that it had, in fact, paid all of its subcontractors and suppliers in order to induce the Navy to release funds to Cleary.

31. Cleary's conduct as described above was unfair and deceptive and constitutes a knowing and willful violation of NH RSA 358-A.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, US Northeast respectfully requests that this Honorable Court award the Plaintiff:

A. Damages in an amount to be proven at trial;

B. Costs of suit incurred herein;

C. Reasonable attorneys' fees as required under the Subcontract and as permitted under NH RSA 358-A;

D. Double or treble damages as permitted under NH RSA 358-Analyze

E. Contractual interest of 1.5% per month as required under the Subcontract; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

US NORTHEAST DREDGE AND MARINE, LLC

By its attorneys,

Dated: July 31, 2018          /s/ Kenneth E. Rubinstein
                              Kenneth E. Rubinstein, Esq. (NH Bar #14926)
                              Preti Flaherty Beliveau & Pachios, LLP
                              57 North Main Street
                              P.O. Box 1318
                              Concord, NH 03301
                              Tel (603) 410-1500
                              Fax (603) 410-1501
                              krubinstein@preti.com

13263427.1